UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CHARLES ANTHONY GUERRA; et al.,

Plaintiffs-Appellants,

v.

WEST LOS ANGELES COLLEGE; LOS ANGELES COMMUNITY COLLEGE DISTRICT,

Defendants-Appellees.

No.     18-56236

D.C. No.
2:16-cv-06796-MWF-KS
Central District of California,
Los Angeles

ORDER

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,* District Judge.

The memorandum disposition filed April 30, 2020, is hereby amended.  The amended memorandum disposition is filed concurrently with this order.

With this amendment, the panel has unanimously voted to deny Defendants-Appellees' petition for panel rehearing.  Judges Hurwitz and Friedland have voted to deny the petition for rehearing en banc, and Judge Korman has so recommended.  The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

---

*       The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

The petition for panel rehearing and rehearing en banc is **DENIED.** Future petitions for rehearing will be permitted under the usual deadlines outlined in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES ANTHONY GUERRA; et al.,

Plaintiffs-Appellants,

v.

WEST LOS ANGELES COLLEGE; LOS ANGELES COMMUNITY COLLEGE DISTRICT,

Defendants-Appellees.

No. 18-56236

D.C. No.
2:16-cv-06796-MWF-KS

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 2, 2020
Submission Withdrawn March 4, 2020
Resubmitted April 30, 2020
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[**] District Judge.

Plaintiffs Charles Guerra, Chrystal, and Karlton Bontrager are students with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

physical disabilities who attend West Los Angeles College ("WLAC"). They sued WLAC and the Los Angeles Community College District, invoking Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and various California state laws, and alleging that the termination of WLAC's on-campus shuttle service has restricted their access to WLAC's programs and services. After a six-day bench trial, the district court rendered a judgment in Defendants' favor on all claims. We have jurisdiction over Plaintiffs' appeal from the judgment under 28 U.S.C. § 1291. We reverse as to Guerra and Chrystal, vacate as to Bontrager, and remand.

Title II and Section 504 both require a public entity to provide individuals with disabilities "meaningful access" to its programs and services. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013). In particular, "Title II emphasizes 'program access,' meaning that a public entity's programs and services, viewed in their entirety," must be meaningfully accessible to individuals with disabilities. *Cohen v. City of Culver City*, 754 F.3d 690, 694-95 (9th Cir. 2014); *see* 28 C.F.R. § 35.150(a).

Guerra and Chrystal have not had meaningful access to WLAC's programs and services since the shuttle service ended. The record belies Defendants' assertion that Guerra and Chrystal could achieve that access by navigating the campus using motorized scooters or on foot. Guerra has obtained a scooter from

the California Department of Rehabilitation ("DOR"), but his vehicle is not equipped to transport the scooter to and from WLAC.[1] He is waiting on the DOR to determine whether it will cover the substantial costs required to make the necessary modifications. And Chrystal does not even have a scooter. Based on Guerra's experience, it could take Chrystal well over a year to receive one from the DOR, assuming her request is approved. Access that is contingent on the occurrence of uncertain future events is not currently meaningful.

Further, the record is clear that Guerra and Chrystal cannot currently access all relevant parts of the WLAC campus by walking. As the district court found, Guerra struggles to walk more than fifty feet and Chrystal can only walk "several steps" at a time due to their disabilities. Unsurprisingly, then, they have both been forced to scale back their participation in campus life since the shuttle service ended. For example, Chrystal had to drop a French class and Guerra could not take part in poetry readings because those programs were held in buildings that were difficult to reach on foot.[2]

---

[1] WLAC asserts that Guerra could use the Los Angeles paratransit service to transport his scooter from his home to WLAC, but the evidence shows that the paratransit service is not sufficiently reliable or flexible to accommodate his college schedule.

[2] These deprivations of access are markedly more severe than those at issue in *Kirola v. City & County of San Francisco*, 860 F.3d 1164 (9th Cir. 2017), and *Daubert v. Lindsay Unified School District*, 760 F.3d 982 (9th Cir. 2014), the cases on which Defendants primarily rely. In *Kirola*, "no [plaintiff] testified that there

3

Because we conclude that Guerra and Chrystal have been denied meaningful access to WLAC's programs and services, we reverse the judgment as to those two Plaintiffs and remand for further proceedings consistent with this disposition. With respect to the Title II claim, the district court should determine what "reasonable modifications" Defendants can make to provide Guerra and Chrystal with the requisite access. *See* 28 C.F.R. § 35.130(b)(7); *Cohen*, 754 F.3d at 695.

We are unable to discern on this record whether Bontrager has also been denied meaningful access. The district court found that Bontrager can access all relevant parts of WLAC on foot once he arrives at the campus bus stop. That finding is not clearly erroneous. But Bontrager argues that it is a challenge for him to get from his home to the campus bus stop. He has tried walking, but a section of the route within the WLAC campus includes a steep incline that he struggles to overcome. He also testified that he cannot rely on the Culver City bus for his commute, because "only every other bus" on the line that stops near his home goes to the WLAC campus, and because the bus does not always run on the posted schedule. It is not clear from this evidence whether the infrequency and unreliability of the bus service are such that Bontrager cannot depend on the bus to

were locations in the city that such [plaintiff] could not reach because of access barriers." 860 F.3d at 1183. And although the plaintiff in *Daubert* could not sit in the bleachers of a high school football field because of his wheelchair, he was "able to sit directly in front of the bleachers, to each side of the bleachers, and in other areas where spectators congregate" during football games. 760 F.3d at 988.

get to campus at the times he needs to be there. We accordingly vacate the judgment as to Bontrager and remand for the district court to resolve this evidentiary issue. Should the district court determine that Bontrager cannot rely on the Culver City bus to surmount the steeply inclined path on the WLAC campus, the district court must then decide what "reasonable modifications" WLAC could make to restore Bontrager's meaningful access to its programs and services. *See* 28 C.F.R. § 35.130(b)(7)(i).

**REVERSED in part, VACATED in part, and REMANDED.**